# Exhibit A

MorrisonCohen LLP

Howard S. Wolfson
Partner
(212) 735-8872
hwolfson@morrisoncohen.com

July 12, 2023

**VIA EMAIL**
Roy W. Breitenbach, Esq.
Daniel S. Hallak, Esq.
Harris Beach PLLC
The Omni
333 Earle Ovington Blvd., Suite 901
Uniondale, New York  11553

> Re:    *Neurological Surgery Practice of Long Island v. EmblemHealth, Inc. et al.,*
>        *2:23-cv-03029-JS-SIL (E.D.N.Y.) (the "Action")*

Gentlemen:

As you know, we represent Defendants EmblemHealth, Inc., Group Health Incorporated and Health Insurance Plan of Greater New York (collectively, "Defendants") in the above-captioned Action.  I am writing to provide notice that we intend to seek sanctions and attorneys' fees, including by serving and filing a motion pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), against Plaintiff and your firm, if you do not voluntarily withdraw the Complaint without prejudice.

In the Complaint, Plaintiff seeks to confirm 8 determinations purportedly made by an Independent Dispute Resolution ("IDR") entity under the federal No Surprises Act ("NSA") with respect to payment for services allegedly provided by Plaintiff to 6 different patients.  On June 26, 2023, I asked you to provide proof that Plaintiff sent written notices of its initiation of the 8 IDR processes to Defendants as required under 45 CFR § 149.510(b)(2)(iii)(B).  As of the date of this letter, you have failed to provide such proof for any of the IDR processes at issue.

The IDR processes that led to the determinations at issue were defective for additional reasons, including but not limited to:

- Plaintiff failed to submit an open negotiation notice to Defendants for patient OM as required prior to initiating an IDR process under 45 CFR § 149.510(b)(1) and failed to submit open negotiation notices to Defendants for some or all of the other patients within 30 business days of the dates Plaintiff received initial payments or notices of denial of payment from Defendants for the services at issue as required under 45 CFR § 149.510(b)(1)(ii)(B); and

909 Third Avenue, New York, NY 10022−4784  •  p:212.735.8600  •  f:212.735.8708  •  www.morrisoncohen.com
12233015 v1 \016962 \0056

Roy W. Breitenbach, Esq.
Daniel S. Hallak, Esq.
July 12, 2023
Page 2

- Plaintiff apparently provided the wrong email address for Defendants to the IDR entity, so that none of the communications provided by the IDR entity during the IDR processes at issue were received by Defendants, even though the correct email address of nda_idrsubmission@emblemhealth.com is available on Defendants' website at https://www.emblemhealth.com/providers/claims-corner/no-surprises-act-faq.

For the above reasons, Defendants never received (1) notices of certified IDR entity selection, (2) attestations from the selected IDR entity that it met the requirements under the NSA and regulations, (3) the offers submitted by Plaintiff for the services at issue and (4) the written IDR determinations themselves. Nor were Defendants afforded the opportunity to, among other things, submit their own offers and/or contest the applicability of the NSA to the claims at issue. Indeed, Defendants were unaware of the IDR proceedings, including the IDR entity's determinations, until an attorney purporting to represent Plaintiff contacted Defendants' in-house counsel on or about April 3, 2023.

If you do not voluntarily withdraw the Complaint without prejudice, our client intends to serve and file a motion to dismiss the Complaint and a motion for sanctions pursuant to Rule 11(c) and seek all appropriate relief, including but not limited to an award of the fees that Defendants incur in responding to this frivolous lawsuit.

This letter is without waiver of and with a full reservation of Defendants' rights, including to dismiss the Complaint on numerous additional grounds, all of which are hereby expressly reserved.

Regards,

*/s/ Howard S. Wolfson*

Howard S. Wolfson

#12233015 v1 \016962 \0056